NELLIE MACKEY, RESPONDENT, v. COMMONWEALTH CASUALTY CO., A CORPORATION, APPELLANT.

In the Springfield Court of Appeals. January 15, 1931.

*Allen & Allen* for appellant.

*Frank B. Birkhead* for respondent.

COX, P. J.—Action upon an accident insurance policy. Plaintiff recovered and defendant appealed.

The case was tried before the court without a jury upon an agreed statement of facts. The only assignment of error is to the effect that upon the agreed statement of facts the plaintiff could not recover. The agreed facts as far as necessary to quote are as follows: The plaintiff rode as a passenger upon a vestibule passenger coach of the Frisco Railroad from Monett to Carthage, Missouri. The agreed statement of facts states, "When said train came to a stop at said station, the plaintiff arose from her seat inside the car and walked out into the enclosed vestibule of said car with other passengers who were leaving the train. That plaintiff walked down the steps of said car leading from the vestibule for the purpose of alighting from said car and that said steps were designated by the railroad company as the place for passengers to leave the train. That when plaintiff stepped with one foot from the lower step of the car to the moveable box provided by said railroad company for pas-

sengers to step upon before stepping down on the railroad station platform and while her other foot rested upon the lower step of said.car and her hand grasped the handrail of said car, the moveable box slipped causing plaintiff to fall on the pavement of the station platform and under the train by reason of which she was injured."

The clause of the insurance policy upon which liability is claimed in this case is as follows: "1. While actually riding as a passenger in a place regularly provided for the transportation of passengers only within a railroad car, elevated, subway or interurban railroad car, street car or steam boat provided by a common carrier for passenger service."

The question of liability of defendant depends upon the meaning of the phrase "within a railroad car" as used in this policy and as applied to the facts of this case.

When plaintiff fell she had one foot on the moveable box placed on the platform at the station and the other foot on the lower step of the car while with one hand she grasped the handrail of the car. She, of course, did not receive the injury until she fell and came ·in contact with the pavement but we think her position at the time the box slipped and she began to fall must, for the purpose of this case, be taken as her position when injured. Was she at that time, with one foot still on the lower step of the car and one hand still grasping the handrail, "within a railroad car" under the provision of the policy above quoted? It needs no citation of authorities to say that in determining this question all reasonable doubt must be resolved against the appellant. Of course, if the language of the policy. is so clear as to leave no room for construction, then the courts must give to it the meaning which its plain language imports, but if, when applied to the facts of a given case, the language of the policy is reasonably susceptible of two meanings, one of which would render the company liable and the other release it, the courts must apply that construction which will render the company liable. The appellant from Webster's Dictionary the definition of. the word "within" as "in the inner or interior part of; inside of; not without." Also from the Standard Dictionary as follows: "In the interior or interior part of; inside; opposed to outside" and says on its own account "the word 'within' in. its common and accepted significance means in the inner of interior part of; inside and not without." Before attempting to apply these definitions to this case we must first consider the construction of the railroad car in which plaintiff rode and from which she was attempting to alight when she fell. This car was a vestibule car. It is a matter . of common knowledge,. and a fact of which we should take judicial notice, that the vestibule of a passenger car encloses both the platform and steps of the car. The vestibule is under the same roof as the car proper and is intended to make it

safe for passengers to pass from one car to another while the train is in motion and to protect them from the wind or storm on the outside while doing so. The steps are covered by a trap door and the platform of the car is enclosed at all times except when opened to admit or discharge passengers. The platform and steps are a part of the car and when enclosed by a vestibule are as certainly a part of the enclosure of the car as is the men's wash room or the ladies dressing room or the floor and seats of the car, and when the door of the vestibule is closed, as it is at all times except when taking on or discharging passengers, a person standing in the vestibule or in a wash room or dressing room is as certainly within the enclosure of that car as are the persons seated within the walls of the car. They are then, as well as those seated in the seats, undoubtedly "within" the car. Plaintiff while riding in a seat in a passenger coach was concededly within the car. When the car stopped and she arose from her seat and started to alight from the car, she was still within the car but appellant contends that as soon as she passed from the part of the car containing the seats into the vestibule of the car she was no longer within the car. Was the vestibule within or inside the car when the outside door of the vestibule was closed and without or outside the car when this door was opened so passengers could alight by passing down the steps of the car? It seems to us that as to this question of whether plaintiff at the time she fell was still within the passenger car within the terms of this policy her situation is very similiar to what it would be if she were, under the same circumstances, emerging from a building through an entrance way provided by building outside of the main building but under the same roof and enclosed by walls attached to the main building, in which there was built a platform with a floor on a level with the floor of the building and steps leading from this platform down to a door at the bottom of the steps that opened to allow persons to pass out upon the side-walk. In that case there would be no doubt that a person passing out of the building would still be within the building until he had passed from the platform and down the steps within the enclosed entrance way and out through the door to the walk on the outside. We think the same conclusion should be reached as to a person passing out of a vestibule passenger car. In this case the plaintiff remained within the car until she had passed out into the vestibule and down the steps to the depot platform. She fell just an instant before reaching the platform. She was within the car until she had passed to a place where it could, in fact, be said, that she was outside the car. She fell just an instant before she reached that point. If we are right in saying that when the outside door of the vestibule of this car was closed both the platform and steps of the car which are necessary parts of the car were within the

enclosure of the car, then is it not a fair and reasonable construction of the provision of this policy to hold that plaintiff as she passed out of the car by going down the steps remained within the car until she had entirely passed with all her body beyond the space enclosed by the outside vestibule door when it was closed? It may be said that the door of the vestibule does not enclose the lower step. Technically that is true. A trap door is let down over the steps and on a level with the platform or floor of the vestibule and the outside door of the vestibule closes the space above the trap door. While the lower step is exposed it cannot be used while the door of the vestibule is closed and if that door extended down to the bottom it would enclose all the steps. This door when closed, stands practically even with the outside wall of the car so that when plaintiff had one foot on the lower step, as she did when she fell, that foot, at least, was inside the space that would be enclosed by the vestibule door if it were extended down as low as the bottom of the step. It would be unreasonably technical to hold that her whole body was at that time outside the car merely because the lower step of the car was not actually enclosed by the door of the vestibule when closed. We think the language of this policy is reasonably susceptible of the construction that plaintiff, at the time she fell, was within the car as that term is used in this policy.

In Schmohl v. Travelers Insurance Co., 177 S. W. 1108, the Kansas City Court of Appeals held that the phrase ''while riding as a passenger in a railway passenger car'' to mean while riding inside the car and not on the platform of the car. The insured under that policy was thrown or fell from the platform of a passenger car while trying to pass from one car to another while the train was in motion. The platform was open and not enclosed by a vestibule as was this car. The trial court held in that case that the policy included the platform of the car as well as the inside of it and rendered judgment for plaintiff. On appeal, the Kansas City Court of Appeals reversed that judgment. The plaintiff then secured a writ of certiorari from the Supreme Court and the case was sent there. The opinion of the Supreme Court is found in 266 Mo. 580, 182 S. W. 740. The policy in that suit contained two provisions, one insuring Arthur J. Schmohl in the main provision of the policy and the other insuring his mother, Anna Schmohl, in a supplement to that policy. The Kansas City Court of Appeals held that both provisions should be construed together and that the whole was but one contract and all the provisions in both should be construed together. The Supreme Court quashed the opinion of the Court of Appeals chiefly on the ground that the holding of the Court of Appeals that these two provisions, one insuring the son and the other the mother, must be construed together was in conflict with prior decisions of the Supreme Court. In discussing

the case the Supreme Court said on page 589: "It will be observed from the statement of this case that there can be but two possible questions: First, whether the Court of Appeals was wrong in holding that the two contracts must be construed as one and; Secondly, if right in its construction whether or not their views upon the merits of the case is adverse from views previously expressed by this court. Of course, there would also be the question as to whether or not the construction of the language in the supplemental contract was in accord with the views of this court." In the last paragraph of the opinion on page 594 it is said: "The Court of Appeals concede in the opinion before us that unless they can limit the meaning of the language used in the supplemental contract by the language found in the main contract, then the words used in the supplemental contract "While riding as a passenger in a railway passenger car" are broad enough to entitle recovery for an accident happening on a platform of such a car. Holding, as we do, that such court, could not call these two instruments one contract for the purpose limiting the meaning of its language in the contract sued on in this case, it follows that by their own concession, the opinion is wrong. Their holding is predicated solely on the ground that they could give its language a limited meaning by reading it in connection with the other contract. Standing alone, they say the plaintiff is entitled to recover and on that proposition cite and discuss the cases."

The case then went back to the Kansas City Court of Appeals which rendered another opinion in the case found in 189 S. W. 597, in which the meaning of the word "In" as used in that policy is discussed and cases cited, to which we also refer, and after holding that they were bound by the decision of the Supreme Court and could only consider the supplemental contract which insured the mother, they say "Considering the language of the supplement alone, as we are now required to do, it must be held that the words 'while riding as a passenger in a railway passenger car' are broad enough to create liability for indemnity on account of the death of Mrs. Schmohl under the circumstances in the agreed statement of facts." This is followed by a discussion of the meaning of the word "In" as used in that policy with citation of authorities and quote with approval from Preferred Accident Insurance Company v. Muir, 126 Fed. 926; 61 C. C. A. 456, as follows: "If it was intended to exclude from the benefit of the policy death resulting from an injury occurring while the insured was upon the platform of a moving car, it was easy to say so. Had this been the intention, presumably it would have been expressed." The Court of Appeals then affirmed the judgment of the circuit court for plaintiff. One judge thought the holding in conflict with certain other decisions of the Supreme Court and the case was then certified to the Supreme Court for that rea-

son. When the case again reached the Supreme Court as reported in 197 S. W., p. 60, it is said: "The merits of this case are of easy disposition. The case comes here upon certification of the Kansas City Court of Appeals." This is followed by a long discussion of a motion to remand to the Kansas City Court of Appeals resulting in the motion being overruled. When that motion was overruled, the case was there to be determined on its merits. The case was heard by the Court *en banc* and on page 63 it is disposed of on its merits as follows: "Going to the merits the salient facts of this case may be gathered from the case of Ex rel. Schmohl v. Ellison, 266 Mo. 580, 182 S. W. 740, and upon the strength of the ruling in that case the judgment of the circuit court in this case should be affirmed. It is so ordered."

This decision of the Supreme Court, as we understand it, holds that the clause "While riding as a passenger in a railway passenger car" means while on the platform as well as while on the inside of the car. That was held, too, when a person was on a platform that was open and unprotected while in this case the platform was not open and unprotected but was protected by a vestibule which, we have already held, made the platform and steps part of the enclosure of the car. If, in this policy, the word "In" a railroad car had been used instead of "Within" a railroad car, there could be no possible doubt under the above authorities that the platform and steps were included and would have been included if the platform and steps had been open instead of being enclosed as they were in this case. The only room for a different holding would be to hold that the word "Within" is so restrictive as to mean on the inside of the body of the railroad car. This we are unwilling to do. We find in Webster's Dictionary that the word "Within" is given as a synonym of the word "In" and we think that as applied to location as being on the inside or outside of an enclosure, they are synonymous, the context or form of expression determining which should be used. Certainly if the phrase "In a passenger car" in the Schmohl case, supra, covered an accident to a person while on an open platform of the car as the Kansas City Court of Appeals and the Supreme Court held in that case the phrase "Within" a passenger car in this case should be held to cover the platform and steps of a car with a vestibule which enclosed them.

We are bound by the decision of the Supreme Court and that court's holding in the Schmohl case, we think, binds us in this case and it will not be necessary to examine other authorities cited in the able brief of counsel.

The judgment will be affirmed. *Bailey* and *Smith*, JJ., concur.