### HESSELBERG et al. v. ÆTNA LIFE INS. CO.
### No. 11108.

Circuit Court of Appeals, Eighth Circuit.

Feb. 28, 1939.

Clem F. Storckman, of St. Louis, Mo. (P. H. Cullen and Cullen Coil, both of St. Louis, Mo., on the brief), for appellants.

James C. Jones, Jr., of St. Louis, Mo. (Vincent L. Boisaubin, James C. Jones, and Jones, Hocker, Gladney & Grand, all of St. Louis, Mo., on the brief), for appellee.

Before GARDNER, SANBORN, and VAN VALKENBURGH, Circuit Judges.

VAN VALKENBURGH, Circuit Judge.

On or about March 4, 1931, appellee issued its policy No. N-892288, dated January 6, 1931, upon the life of appellant Dan C. Hesselberg, in which it agreed to pay to appellant Jennie Hesselberg, beneficiary, the sum of $10,000 upon the death of the insured. This policy of insurance contained a clause which insured against permanent total disability. The policy also by its terms was incontestable after being in force for two years from its date of issue, during the life of the insured, except for non-payment of premiums. November 23, 1932, appellee being advised of the falsity of certain representations, material to the risk, made by the insured in his written application for said policy, brought suit for cancellation of that policy in the district court of the United States for the Eastern District of Mis--

souri, joining the beneficiary as a defendant. January 15, 1934, the trial court found in favor of the company and decreed a rescission and cancellation of the policy. Upon appeal to this court that decree was affirmed. The material facts and proceedings in that litigation will be found detailed in the opinion of this court, 75 F.2d 490.

April 14, 1936, Dan C. Hesselberg, appellant herein, and likewise in the cancellation suit, filed an action against appellee in the Circuit Court of the City of St. Louis, Missouri, to recover the sum of $2,700 alleged to have accrued under the total and permanent disability provisions of said policy No. N-892288. May 20, 1936, the Insurance Company, defendant in that action in the state court, filed in the District Court of the United States for the Eastern District of Missouri, an ancillary and supplemental petition against Dan C. Hesselberg and Jennie Hesselberg, setting up the aforesaid decree of cancellation rendered in said district court, and praying an injunction against the prosecution of the suit in the state court for recovery under the disability provisions of the cancelled policy, as a "flagrant violation and disregard of the previous decree" of the district court.

Motions to dismiss the ancillary and supplemental bill were overruled, issues were framed, and the district court, being of opinion that the total and permanent benefit provision sued on was a part of the policy contract which was cancelled by the prior decree of the district court, and that the suit in the state court was an attempt to relitigate a matter previously determined by said decree, permanently enjoined and restrained appellant Dan C. Hesselberg from prosecuting this or any other action or proceeding for recovery under the provisions of the cancelled policy No. N-892288.

From the latter decree this appeal is brought. The principal issues involved are: (1) Whether the total and permanent disability benefits under which appellant seeks recovery in the state court were a part of the contract and policy of insurance which was cancelled by the decree of January 15, 1934; whether the institution of the action in the state court was an attempt to relitigate a matter previously determined in the district court, and (2) whether appellee has a complete and adequate remedy at law and should be remitted to make its defense in the state court. Other points were incidental to these major propositions.

It will be conceded, as urged by appellants, that the construction of this policy of insurance is governed by the applicable principles of the laws of the State of Missouri, and that a contract of insurance, if ambiguous in terms, will be construed more strictly against the insurer and more liberally in favor of the insured; but it is well settled that policies of insurance should be interpreted by the rules governing other written contracts where the meaning of the language used is clear and explicit.

Appellants rely in part upon the holdings in the State of Missouri, as elsewhere, that a policy of insurance purporting to be entire, may, in fact, be divisible and severable, and that "where a good cause for rescission exists as to one part of a divisible or separable contract, such portion may be rescinded in equity without disturbing the remainder". The contention is that the provisions for disability benefits and those for death constituted separate and distinct contracts, and that the policy was, therefore, divisible and separable.

The decisions of the Missouri Court of last resort, cited by appellants, have been examined and carefully considered. The leading case, although not the first upon this phase of the controversy, is that of Trabue v. Dwelling House Insurance Company, 121 Mo. 75, 86, 87, 25 S.W. 848, 23 L.R.A. 719, 42 Am.St.Rep. 523. The point involved is largely set forth in the syllabus: "A policy insuring building and contents separately is not avoided as to the latter by a forfeiture of the insurance on the realty caused by a change in the title thereto though it provides that the 'entire' policy shall be avoided by any change in the title of the subject of the insurance". There was no change in the title to the personal property, and it was held that the policy on that was not voided by a change in the title to the real estate. As the court said, the risk on the personal property was not thereby increased. Loehner v. Home Mutual Insurance Company, 17 Mo. 247, is also a case where, by the same policy, a building and its contents were insured separately. The court held that "where the charter of a mutual insurance company provided that, if the assured should fail to state in his applica-

tion, which was made a part of the policy, any incumbrance that might exist on the insured premises, his policy should be void". Such failure avoided the policy whether the incumbrance was material to the risk or not. It further held that a policy may be void in part and valid in part, if the subject-matter is capable of being separated, and, in that case, that such a failure of statement in the application would avoid the policy as to the house insured, but would not avoid it as to furniture insured, "unless the fact concealed was shown to be material to the risk". This is the gist of the holding and of the distinction drawn.

■ To the same effect is Koontz v. Hannibal Savings and Insurance Company, 42 Mo. 126, 97 Am.Dec. 325, which restricts the doctrine of "void in part, void in toto", to cases "where there is some all-pervading vice, such as fraud". In that case there was involved a hidden incumbrance on a building, but not upon personal property. The doctrine of separability does not apply where the fraud or untrue representation affects all parts of the insurance contract. Crossan · v. Pennsylvania Fire Insurance Company, 133 Mo.App. 537, 540, 113 S.W. 704, and Hollaway v. Insurance Company, 121 Mo. 87, 25 S.W. 850, expressly follow Trabue v. Insurance Company, supra. A mere cursory examination of the opinion in State ex rel. Schmohl v. Ellison, 266 Mo. 580, 182 S.W. 740, discloses its lack of application to the instant case. An accident policy was issued to Schmohl, with the mother as beneficiary, insuring against death from injury sustained "while a passenger in or on a public conveyance provided by a common carrier for passenger service (including the platform, steps, or running board of railway or street railway cars)"; and also a supplemental policy on a separate sheet separately signed, covering the life of the mother, naming Schmohl as beneficiary; and insuring against accidents "while riding as a passenger in a railway passenger car". The mother, while a passenger on a railway train, stepped from her car upon an unprotected platform, was thrown or fell therefrom, and was killed. On the door of the car a notice was posted which read "stepping onto the platform and stepboard while the car is in motion is forbidden".

The beneficiary sought to modify the supplemental contract to embrace the terms of the policy insuring Schmohl against accidental injury. The Supreme Court of Missouri held that the two contracts were distinct and did not cover the same subject matter or persons insured. The rule announced in Trabue v. Insurance Company, supra, was expressly approved. Royal Insurance Company v. Martin, 192 U.S. 149, 24 S.Ct. 247, 48 L. Ed. 385, also deals with a building and its contents separately insured. The rule governing such cases obviously can have no application to the situation here presented.

■ The life policy and the disability provision were executed on the same date and as parts of the same transaction. The last clause of the latter states: "This provision is attached to and a part of Policy No. N-892288 issued by the Aetna Life Insurance Company on the life of Dan C. Hesselberg". On the first page of the policy the following is found: "This policy is issued and accepted subject to all of the conditions, benefits and privileges on the following pages, which are hereby made a part of this contract".

The promise of the disability benefits could be obtained from the company only as a part of the life insurance policy, and could survive only so long as the policy of life insurance continued in existence. Rhine v. New York Life Insurance Co., 273 N.Y. 1, 6 N.E.2d 74, 108 A.L.R. 1197.

"The policy was a combination policy of life and endowment insurance, with disability benefits. We regard it as a single contract with separable obligations in respect to the different kinds of insurance". Connecticut General Life Insurance · Co. v. McClellan, 6 Cir., 94 F.2d 445, 446.

The case at bar presents added strength against the contention of separability and divisibility as affecting the issues. Both the life and the disability provisions of the policy are deeply concerned with the physical condition of the applicant. For this reason the question was propounded whether Hesselberg had consulted a physician, specialist, or other practitioner for, or had suffered from, any injury, to which he responded in the negative. That the misrepresentation made was material to the risk is rendered pointed and conclusive by the fact that it is the same injury, sustained on the 16th day of February, 1931, that is now pleaded in the state court as the cause of his present alleged disability. An "all pervading vice" was pres-

ent in the misrepresentation made; "the fact concealed was material to the risk", and the decree of cancellation rendered the policy void in toto. The policy contained an incontestable clause, and no suit had been filed by appellant Hesselberg. Appellee's right to bring action in equity for cancellation was beyond question.

■, ■ It is next contended that the federal district court was without jurisdiction to stay the proceeding in the state court, in which the action is at law, in personam, and seeks only a money judgment. Section 265 of the Judicial Code (R.S. § 720), 28 U.S.C.A. § 379, is cited in support of this contention: "The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a State, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy".

Much reliance is placed upon the decision of the Supreme Court in Kline v. Burke Construction Company, 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077, in which it was held that where the actions in both causes are in personam, seeking only money judgments, jurisdiction in the one is not affected by the other, and there is no basis for such an injunction. However, the Supreme Court, in a later decision, Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 697, 78 L.Ed. 1230, 93 A.L.R. 195, held: "That a federal court of equity has jurisdiction of a bill ancillary to an original case or proceeding in the same court, whether at law or in equity, to secure or preserve the fruits and advantages of a judgment or decree rendered therein, is well settled. Root v. Woolworth, 150 U.S. 401, 410-412, 14 S.Ct. 136, 37 L.Ed. 1123; Julian v. Central Trust Co., 193 U.S. 93, 112-114, 24 S.Ct. 399, 48 L.Ed. 629; Riverdale Mills Manufacturing Co. v. Manufacturing Co., 198 U.S. 188, 194 et seq., 25 S.Ct. 629, 49 L.Ed. 1008; Freeman v. Howe, 24 How. 450, 460, 16 L.Ed. 749. And this, irrespective of whether the court would have jurisdiction if the proceeding were an original one. The proceeding being ancillary and dependent, the jurisdiction of the court follows that of the original cause, and may be maintained without regard to the citizenship of the parties or the amount involved, and notwithstanding the provisions of section 265 of the Judicial Code".

Both opinions were by Mr. Justice Sutherland; and, in the Hunt case, no reference was made to the holding in Kline v. Burke Construction Company, supra, and the latter case therefore was not, and should not be, regarded as affecting the rule announced in the Hunt case. That the district court has jurisdiction to entertain a supplemental bill in aid of and to effectuate its prior decrees, and to secure the benefits of a former decree, when further relief to that end is made necessary by subsequent events, is well established. Independent Coal & Coke Company v. United States, 274 U.S. 640, 47 S.Ct. 714, 71 L.Ed. 1270; Dugas v. American Surety Company, 300 U.S. 414, 428, 57 S.Ct. 515, 521, 81 L.Ed. 720. In the latter case this language is used: "Such a bill may be brought in a federal court in aid of and to effectuate its prior decree to the end either that the decree may be carried fully into execution or that it may be given fuller effect, but subject to the qualification that the relief be not of a different kind or on a different principle. Such a bill is ancillary and dependent, and therefore the jurisdiction follows that of the original suit, regardless of the citizenship of the parties to the bill or the amount in controversy."

The principle thus announced finds further confirmation in the following cases, among others: Looney v. Eastern Texas R. Co., 247 U.S. 214, 221, 38 S.Ct. 460, 62 L.Ed. 1084; Gunter v. Atlantic Coast Line R. Co., 200 U.S. 273, 26 S.Ct. 252, 50 L.Ed. 477; Riverdale Cotton Mills v. Manufacturing Company, 198 U.S. 188, 25 S.Ct. 629, 49 L.Ed. 1008; Julian v. Central Trust Company, 193 U.S. 93, 112, 24 S.Ct. 399, 48 L.Ed. 629; Root v. Woolworth, 150 U.S. 401, 411, 14 S.Ct. 136, 37 L.Ed. 1123; Wilson v. Alexander, 5 Cir., 276 F. 875; Swift v. Black Panther Oil & Gas Company, 8 Cir., 244 F. 20; Hickey v. Johnson, 8 Cir., 9 F.2d 498; Sand Springs Home v. Title Guarantee & Trust Company, 8 Cir., 16 F.2d 917; and compare the substantially contemporaneous decision of this court in Toucey v. New York Life Insurance Company, 102 F.2d 16.

For the foregoing reasons the decree of the District Court is affirmed.