[Civ. No. 3300. First Appellate District, Division One.—April 10, 1920.]

GREER-ROBBINS COMPANY (a Corporation), Respondent, v. THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA (a Corporation), Appellant.

[1] FIRE INSURANCE—CHANGE OF LOCATION OF GOODS—CONSTRUCTION OF POLICY.—The removal of goods from the rear to the front of a single two-story brick building, without any increase in the risk or hazard, does not constitute a violation of a provision in a policy of fire insurance purporting to cover said goods while situate in the rear of said building.

[2] ID.—AMBIGUITIES IN POLICY—CONSTRUCTION OF.—Since the language and terms of insurance policies are framed and formulated by the insurer, whenever ambiguities occur therein they are to be resolved in favor of the insured.

APPEAL from a judgment of the Superior Court of Los Angeles County. Wm. D. Dehy, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. W. Hindman for Appellant.

Frank James and James, Smith & McCarthy for Respondent.

RICHARDS, J.—This was an action upon an insurance policy issued by the defendant to plaintiff on September 23, 1916, covering certain auto supplies and sundries of

---

2. Rule that doubtful terms must be construed favorably to insured, note, Ann. Cas. 1913E, 287.

merchandise belonging to the plaintiff, and being at the time of their destruction by fire in the plaintiff's building at the northeast corner of Flower and Twelfth Streets, in the city of Los Angeles. The policy in question was a California standard form of fire insurance policy, and the terms thereof, in so far as they relate to the description of the location of the property insured, read as follows: "In consideration of the stipulations herein made, and of $37.50 premium, does insure Greer-Robbins Company, Incorporated . . . to an amount not exceeding $2,500.00 to the following described property while located and contained as described herein and not elsewhere, to wit: $2,500.00 on merchandise, materials, sundries, spare and extra parts . . . all while contained in or attached to the brick building, in basements or under sidewalks thereof, and its additions, situate in the rear of No. 1158 South Flower Street, being the northeast corner of West 12th Street."

[1] Upon the date of said insurance policy the goods in question were located in a rear room of the plaintiff's building and place of business on the corner of South Flower and Twelfth Streets, in the city of Los Angeles, but were subsequently moved to a front room of said building, where they were at the time of their destruction by fire. It is the appellant's contention that by the terms of the policy above quoted the obligation of the insurer was to insure said goods only so long as the same were located in the room in the plaintiff's said building in which they were at the time of their insurance, and that their removal to another part of said building terminated the liability of the insurer.

Upon the trial of the cause it appeared that the building and place of business of the plaintiff at the time of the insurance of said property, and also at the time of the destruction thereof by fire, was a single two-story brick building having a frontage of eighty feet on South Flower Street and 155 feet on Twelfth Street; that a fire wall had been constructed in accordance with a building ordinance of the city of Los Angeles across said building near the middle thereof, through which there were two automatic fire doors connecting the front and rear compartments of said building created by the construction of said fire wall. The trial court found from these facts that the rear portion of the building in which said goods were stored at the time of their insurance did not constitute a separate building or addition.

and could not be held to be in any sense a rear or detached building from the plaintiff's main structure, and the court therefore held that the provision of the policy above quoted must be construed as insuring the goods in question while they were contained in any portion of the plaintiff's said building, and hence that the plaintiff, under the terms of said policy, had a right to move and relocate said goods in any portion of its said building without violating the terms of said insurance policy. And the court further found that by the plaintiff's removal of the goods from the rear to the front room of its said building the risk or hazard was decreased. From these findings the trial court drew the conclusion that the plaintiff had not violated the terms of its insurance policy by the change in location of said goods in its said building, and rendered judgment accordingly in plaintiff's favor.

We are entirely satisfied that the court in so doing correctly construed the terms of the insurance policy above set forth. [2] It is true that there is some ambiguity in the language of the policy; but it is well settled that since the language and terms of insurance policies are framed and formulated by the insurer, whenever ambiguities occur therein they are to be resolved in favor of the insured. (*Pacific etc. Co.* v. *Williamsburgh etc. Fire Ins. Co.,* 158 Cal. 367, [111 Pac. 4]; *Raulet* v. *Northwestern Nat. Ins. Co.,* 157 Cal. 215, [107 Pac. 292]; *Rankin* v. *Amazon Ins. Co.,* 89 Cal. 209, [23 Am. St. Rep. 460, 26 Pac. 872].) The ambiguities in the present policy were practically cleared away by the proofs in the case, which showed that the plaintiff's building was a single brick structure and that the goods at the time of their insurance were not in the rear of such structure as the uncertain terms of the policy would seem to indicate, but were actually within the plaintiff's said building at all times, and were simply moved from place to place therein for the convenience of the plaintiff's business. This being so, we are of the opinion that the trial court correctly held that the terms of the plaintiff's policy were not violated by the removal of the goods in question from one part of plaintiff's building to another.

Judgment affirmed.

Waste, P. J., and Knight, J., *pro tem.,* concurred.