(No. 13914.—Judgment affirmed.)

SAM JULIUS, Appellee, *vs.* THE METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

*Opinion filed October 22, 1921.*

1. INSURANCE—*face of insurance policy consists of the entire contract.* The face of an insurance policy is the entire insurance contract contained in the policy, and where the policy is the usual four-page folder, with the contract, and certain riders attached, printed on the first three pages, the face of the policy is all of the matter printed on said pages, together with the riders attached and made a part of the policy by reference.

2. SAME—*section 2 of the act of 1907, regulating provisions of life insurance policies, construed.* The provision of section 2 of the act of 1907 regulating life insurance policies, that the policy shall not provide a "mode of settlement" which will reduce the amount of the policy, does not preclude provisions in the insurance contract by which the amount of the policy is determined, but is intended to prevent the inserting of optional modes of settlement professedly for the benefit of the insured but which, in fact, provide modes of settlement of less value than the amount fixed in the contract.

3. SAME—*accident or health insurance is not, ordinarily, life insurance.* In common parlance accident or health insurance is not considered life insurance, and even though an accident policy may provide for payment in the event of death by accident, the policy is not thereby rendered a life policy in the ordinary sense of the term, as the amount of an accident policy may or may not be payable at death.

4. SAME—*ambiguous provision will be construed in favor of insured.* If there is any ambiguity in an insurance policy it is the fault of the company which prepares the contract, and if the policy is susceptible of two interpretations, that interpretation will be adopted which is most favorable to the insured in order to indemnify him for the loss he has sustained.

5. SAME—*when accident insurance is not deductible from the amount due on life insurance policy.* A provision in a life insurance policy that the amount due on the policy at the death of the insured shall be reduced in case the insured has other life insurance policies in force at his death refers to ordinary life insurance and not to accident insurance.

APPEAL from the Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. WELLS M. COOK, Judge, presiding.

HOYNE, O'CONNOR & IRWIN, for appellant.

LEBOSKY & LEVINE, (WILLIAM LEVINE, of counsel,) for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

March 30, 1915, appellant, the Metropolitan Life Insurance Company, issued a twenty-year endowment policy insuring the life of Isadore N. Julius for $1000, and naming appellee, Sam Julius, the beneficiary in the event of the death of the insured prior to March 30, 1935. The policy issued was the ordinary four-page folder, with the insurance contract written and printed on the first three pages, and with certain riders, including a copy of the application, attached to the second and third pages. On the first page the amount was stated as "one thousand dollars, subject to the reduction specified in the attached rider." Attached to the second page of the policy was a printed rider headed, "Limitation of death benefit as referred to on the first page hereof." This rider provided for a limitation of the amount payable in the event of death, ranging from $240 if the insured died at nine years of age to $930 if the insured died at twenty years of age. The exact language of the rider was: "The total amount of insurance in this company, including this policy, and in all other companies and societies, shall not, under any circumstances, exceed the amount specified in the following table at the age of the insured at death: If age 20 last birthday at time of death, $930. [Here follow other amounts graduated

down to amount for age 9.]   If other policies of insurance
in this or other companies are in force at the time of death,
then the amount payable under this policy shall not exceed
the amount specified in the foregoing table, corresponding
to the age of the insured at the time of death, less the total
amount payable under all other policies, by whomsoever
issued.   It is agreed, however, that if the amount payable
be reduced in accordance with the above limitation the com-
pany will refund such proportion of the premiums actually
paid as the amount of the reduction bears to the full amount
for which this policy is written, as stated on the face here-
of."   Appellee signed an agreement in the language of the
rider at the time the policy was issued.   July 14, 1918, the
insured was accidentally killed, and at the time of his death
he held an accident policy, under which appellee, as benefi-
ciary, collected the sum of $600.   The insured was born
October 1, 1897, and so was two and a half months under
twenty-one years of age at the time of his death.   Under
the rider the amount of the policy was $930 and the amount
of premiums to be refunded was $117.31.   At the time of
the accidental death of insured there was an unpaid balance
of premiums for the current policy year of $21.51.   Ap-
pellee filed his verified statement of claim in the municipal
court of Chicago for $978.49, his contention being that
the rider contravened section 2 of our statute regulating
conditions and provisions of life insurance policies and was
void, and that appellant was therefore liable for the full
amount of $1000, less the unpaid premium of $21.51.
Appellant defended on the ground that the rider was valid
and that the amount payable under its policy was $425.80,
being $930, less the $600 paid under the accident policy,
plus the $117.31 for the proportion of premiums to be re-
funded, less the $21.51 unpaid premium.   The municipal
court sustained the contention of appellant and entered
judgment for $425.80.   From that judgment appellee sued
out a writ of error from the Appellate Court for the First

District, where he again urged that the rider was void, and made the further contention that policies issued by accident insurance companies were not included in the term "total amount of insurance," used in the rider. The Appellate Court held that the rider was valid but that it did not include accident policies, and set aside the judgment of the municipal court and entered judgment against appellant for $908.49. A certificate of importance was granted and this appeal followed.

The section of the statute on insurance involved here provides: "No policy of life insurance shall be issued or delivered in this State or be issued by a life insurance company organized under the laws of this State, if it contain any of the following provisions: * * * 3. A provision, that in event of the maturity of any policy after the expiration of the contestable period thereof, for any mode of settlement at maturity of less value, according to the company's published rates therefor then in use, than the amount insured on the face of the policy, plus dividend additions, if any, less any indebtedness to the company on or secured by the policy and less any premium that may, by the terms of the policy, be deducted." (Harker's Ill. Stat. pp. 2499, 2500.)

The policy in question by its terms became incontestable after one year from the date of its issue.

Appellee, by cross-error, contends that the "face of the policy" means the first page of the policy, and that the rider attached to the second page of the policy attempted to provide a "mode of settlement at maturity of less value * * * than the amount insured on the face of the policy," his contention being that the only amount mentioned on the face of the policy is $1000. We do not consider this construction sound. The face of an insurance policy is the entire insurance contract contained in the policy. To construe the term to mean the first page of the policy would compel the insurance companies to print the

policy on a sheet of paper large enough to accommodate all the terms and conditions on the front of the sheet. Such a requirement would find no support in reason or in law. Policies issued by most of the well-known insurance companies are delivered to the insured folded in such a way that none of the insurance contract is visible and so that the only visible part of the policy is the endorsement on the outside. The construction for which appellee contends would make this endorsement the "face of the policy" if "face" is to be construed that part of the policy which is visible without unfolding or opening the pages. The face of the policy under consideration is all of the matter printed on the first three pages, together with the riders attached and made a part of the policy by reference. The term "mode of settlement," used in the statute, is not confined to the amount of the policy but means all of the methods of settlement which may be provided by the company's insurance contract. The policy in question provides for several modes of settlement. The insured, or the beneficiary in the event of the prior death of the insured, may elect to have the whole or any part of the amount of the policy paid in one sum, or to have the amount due paid in equal installments over a specified number of years, or to have a settlement by other methods provided. The object of the statute is to prevent the insurance company from inserting provisions in its policy providing for optional modes of settlement professedly for the benefit of the insured but which in fact provide modes of settlement of less value than the amount fixed in the insurance contract which the insured or the beneficiary might have paid to him in one sum. In other words, if the insured or the beneficiary elect to have the sum payable under the policy paid by installments, the total value of the installments must not be less than the sum specified in the insurance contract as payable at the maturity of the policy. The rider in question does not violate any of the provisions of section 2 and it is therefore valid.

Appellant contends that the $600 paid under the accident policy should have been deducted from the $930 payable under the policy in question because the language of the rider refers to all insurance payable in the event of death. In common parlance we do not refer to accident or health insurance as life insurance. When the parties to this contract agreed to the terms in the contract they were dealing in life insurance, and we must assume that no other kind of insurance was mentioned or considered. If there is any ambiguity in an insurance policy it is the fault of the insurance company. It prepares the contract and the language used in the contract is its language. If that language is susceptible of two interpretations, that one will be adopted which is most favorable to the insured in order to indemnify him for the loss he has sustained. The amount of an accident policy may or may not be payable at death. According to the stipulation filed the accident policy held by insured provided that the beneficiary would be paid the amount of the policy for "death resulting only directly, and independently of all other causes, from bodily injuries sustained through external, violent and accidental means, if such death results from such bodily injuries within ninety days from such accident." To the extent that this policy provided payment in the event of death by accident it provided for life insurance, but that does not bring it within the term "life insurance" as it is generally used nor as it is used throughout our statute on insurance. That the insured did not understand that the language of this rider included insurance provided by accident policies is made clear by the fact that he contracted for the accident insurance and paid premiums therefor. If the construction for which appellant contends is sustained the insured did a needless act, because his insurance was not increased by taking out the additional policy. The natural and reasonable construction to be given the language of this rider is to hold that the insurance mentioned in the rider was the

same kind of insurance in which the parties were dealing at the time they entered into this contract of insurance.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*