**E. H. Hoffman, Trading as Hoffman Lines, et al., Appellees, v. Central Surety and Insurance Corporation, Appellant.**

Heard in this court at the May term, 1938.  Opinion filed November 7, 1938.

KRAMER, CAMPBELL, COSTELLO & WIECHERT, of East St. Louis, for appellant.

PHILIP G. LISTEMAN, of East St. Louis, J. H. CUNNINGHAM, JR., and J. S. McCLELLAND, both of St. Louis, Mo., and COSTIGAN & WOLLRAB, of Bloomington, for appellees.

MR. JUSTICE EDWARDS delivered the opinion of the court.

Plaintiff, E. H. Hoffman, an operator of transport trucks, living at St. Louis, Missouri, and hauling goods between various points in Illinois, on October 3, 1934, secured a policy of liability insurance from the American Fidelity and Casualty Company of Richmond, Virginia, which was not authorized to transact business in this State. The policy, in the usual form, was to continue in force until otherwise terminated, and contained a clause which authorized the insurer to cancel the contract at any time by a written notice to the insured, and which might be served on him or sent by U. S. mail.

On the same day said plaintiff also took out with defendant, Central Surety and Insurance Corporation, another contract of insurance which was attached to the policy first mentioned and referred to as an indorsement. The latter provided that ''nothing herein contained shall be held to vary, alter, or waive or extend any of the agreements or conditions of the undermentioned policy other than as above stated. . . . The policy to which this indorsement is attached, shall cover the operation of automobile trucks, tractors and trailers of whatever type owned, leased, or hired by, or operated under contract or agreement with the named assured during the term of this policy, and used in the business of the named assured, and for the purpose as stated in the declaration.''

On March 26, 1935, a truck with attached trailer, owned and operated by Hoffman, collided with a car in which plaintiffs Leslie D. Snow and Myrtle L. Snow were riding; as a consequence of which the Snows brought suit in the circuit court of McLean county, Illinois, where they severally recovered judgments against Hoffman, Myrtle L. Snow in the sum of $4,500, and Leslie D. Snow in the sum of $500.

Hoffman paid $1,000 to apply on the Myrtle L. Snow judgment, and brought suit against defendant upon its

contract of insurance to recover said amounts. The Snows, by leave of court, were permitted to join as plaintiffs and the cause proceeded to hearing before the court and jury. Defendant seasonably moved for a directed verdict, which was overruled, while plaintiffs' motion at the close of all the evidence for instructed verdicts in their behalf were sustained, and verdicts were rendered in favor of plaintiffs, $1,000 to Hoffman, $3,682.29 to Myrtle L. Snow, and $526 to Leslie D. Snow. Judgments were entered upon these findings, and defendant has appealed therefrom.

As we understand the record, two principal grounds are relied upon as reasons for reversal. As to the first, on page 39 of defendant's brief appears the following: ''The court will see from an examination of the policy that was introduced in evidence by the plaintiffs that it covered only the trucks and equipment that was owned by E. H. Hoffman, or the Hoffman Lines, and the rider that was signed by defendant-appellant clearly shows that it was to cover only the equipment that was hired by E. H. Hoffman Lines''; and on page 40: ''Therefore, in view of the fact that the plaintiffs' evidence and exhibits clearly show that the truck that was involved in the accident was a truck that was owned by E. H. Hoffman, and was covered by the American Fidelity and Casualty Company policy and not by the hired car endorsement that was issued under the name of defendant-appellant, there could be no grounds for recovery in favor of plaintiffs-appellees against defendant-appellant, and the Court should, at the close of the evidence offered on behalf of plaintiffs-appellees, have directed a verdict in favor of defendant-appellant.''

A contract of insurance may, and often does, consist of a policy and other instruments or documents incorporated therein by reference; *Julius v. Metropolitan Life Ins. Co.*, 299 Ill. 343; 32 Corpus Juris 1159, sec.

269; and where the provisions of the policy proper, and those of the attached rider or indorsement, are in conflict, the latter will control; *Morris & Co. v. Rhode Island Ins. Co.*, 181 Ill. App. 500; *Aetna Ins. Co. v. Sacramento-Stockton S. S. Co.*, 273 Fed. 55.

In the interpretation of insurance contracts, the rule is to favor the construction which enables the insured to recover for his loss; *Midwest Dairy Products Corp. v. Ohio Casualty Ins. Co.*, 356 Ill. 389; *Treolo v. Iroquois Auto Ins. Underwriters*, 348 Ill. 93.

The rider by its terms set forth that "the policy to which this endorsement is attached, shall cover the operation of automobile trucks, tractors and trailers of whatever type owned, leased, or hired by, or operated under contract or agreement with the named assured." It is thus manifest that the agreement with defendant was to cover plaintiff's liability in the operation of trucks and trailers whether owned or hired by Hoffman, and under the rule of the authorities cited the terms of the indorsement or rider will govern as against the conditions of the policy to which it was attached, and as it expressly provided for protection to Hoffman on trucks and trailers operated by him, whether "owned, leased or hired" by him, it indemnified him against loss resulting from the collision in question.

The further defense was made that the contract of insurance had been canceled prior to the date of the accident, and at the time of its occurrence was not in force. Hoffman had paid his premiums for a certain period of time; then, failing to keep up same, the American Fidelity and Casualty Company sought to cancel its obligation to him, for such reason, by mailing him a notice of its purpose and intention. Defendant offered in evidence such letter, or a copy of same, and the court, upon plaintiffs' objection, refused to admit the exhibit. Such ruling is claimed as error. It

does not appear that defendant made any attempt to abrogate or set aside its contract with Hoffman by giving him any notice in writing.

Defendant having made the original policy a part of its contract, adopted all its terms except as limited by the provisions of the indorsement. One of such conditions so adopted was the same right of cancellation, upon the same terms, as that of the American Fidelity and Casualty Company. This was a power which defendant could exercise or waive at its option, and its right in this behalf could not be affected by anything done by the American Fidelity and Casualty Company to which it was not a party.

The record is barren of any fact or circumstance tending to prove that defendant at any time took any steps toward, or made any effort to cancel the contract on its part, and whatever was done by the American Fidelity and Casualty Company in this regard would not inure to the benefit of defendant in the absence of a showing that defendant had been a party to or had assented to such action.

Defendant's contract of insurance was not dependent, for its continuance or force, upon the coincident existence of the policy issued by the American Fidelity and Casualty Company, and while the terms of the latter, by express reference, became a part of defendant's agreement with Hoffman, yet it was separate and apart from the contract between the American Fidelity and Casualty Company and its insured, and would not be abrogated by or as the result of the mere fact that the latter had been canceled; *International Salt Co. v. Tennant,* 144 Ill. App. 30; *State ex rel. Schmohl v. Ellison,* 266 Mo. 580, 182 S. W. 740. It affirmatively appearing that defendant took no steps in writing to void the policy, it was immaterial what the American Fidelity and Casualty Company did in that behalf, unassented to by defendant, and the court properly excluded the proffered evidence.

Plaintiffs introduced the contract of insurance, proved payment of the first premium thereon, the occurrence of the loss insured against, notice to the defendant as required by the policy, and that Hoffman was the party assured. This made a prima facie case entitling plaintiffs to a recovery unless some affirmative defense was interposed; *Benes v. Bankers Life Ins. Co.*, 282 Ill. 236.

The contract of insurance with defendant, fairly construed, covered the risk and subsequent loss. There was no proof that defendant had, in writing, attempted to cancel the policy, and what was done by the American Fidelity and Casualty Company to abrogate its own liability did not in any wise affect the obligation of defendant, which is not shown to have participated therein or assented thereto. This being true, there was no evidence on the part of defendant tending to show a termination of its responsibility, hence the court rightly directed verdicts for the plaintiffs. ·

*Judgments affirmed.*