Sol Di Cianni and Nick Di Cianni, Trading as Midwest Freight Forwarding Company, Appellees, v. Underwriting Members of Lloyd's, London, Bound Under Policy No. A-9081, Appellants.

Gen. No. 41,447.

Opinion filed March 31, 1941.

LORD, BISSELL & KADYK, of Chicago, for appellants; GORDON R. CLOSE and ROBERT W. MACDONALD, both of Chicago, of counsel.

WILLIAM FELDMAN, of Chicago, for appellees.

MR. JUSTICE MATCHETT delivered the opinion of the court.

Plaintiffs sued on an insurance policy to indemnify loss by fire. There was a trial by the court with judgment for $1,064,22. Defendant appeals.

The statement of claim alleged the issue of the policy to plaintiffs; the loss of a cargo of lumber in one of plaintiffs' trucks in transportation to Leavenworth, Kansas; suit against plaintiffs by the consignor, the Gross Box Company, in the municipal court of Omaha, Nebraska; notice by plaintiffs to defendant of the loss and their request to it to defend the suit, which it refused to do; judgment in the Nebraska court for the value of the lumber, $701, with costs and other damages by way of attorney's fees and expenses of defending, making a total amount of $1,064.22, for which the judgment was rendered in the municipal court.

The pleadings of both parties were verified. The defendant attached to the affidavit of merits a copy of the insurance policy and an autheticated record of proceedings of the suit brought in the Nebraska court. The insurance policy ran to the "Midwest Freight Forwarding Company." The affidavit of merits denied the issue of the policy to plaintiffs, denied that plaintiffs suffered a loss by fire as alleged or that plaintiffs shipped a cargo as alleged. The suit is by Sol and Nick Di Cianni, doing business under the name of Midwest Freight Forwarding Company. The affidavit of merits shows that Nick Di Cianni has no interest in the Midwest Freight Forwarding Company. Plaintiffs did not reply to this assertion. It, therefore, stood admitted. *Wiedoeft v. Holton,* 294 Ill. App. 118; Rule 119 of the municipal court.

Plaintiffs upon trial offered the insurance policy in evidence. It was received, and they rested. It was the only evidence offered. There was no evidence that Nick and Sol Di Cianni were the parties to whom the insurance policy issued or that they at any time suffered any loss by fire. The authenticated proceedings of the Nebraska suit showed that Midwest Freight Forwarding Company was a copartnership composed of Sol Di Cianni and Dominic Di Cianni, and there was

a specific denial under oath that Nick Di Cianni was a part owner of the business or officer in it. The statement said the cargo lost was in one of plaintiffs' trucks. The affidavit of merits denied this. There was no proof in the record of this material fact. The authenticated record of the Nebraska court also shows that the judgment there was not based on loss by fire but rather for misrepresenting that the cargo was insured when in fact it was not.

There was no evidence tending to prove issues of fact raised by the pleadings. The trial judge stated that he felt compelled to render judgment because of the allegations in paragraph 4 of the statement of claim, which were not denied. Apparently the court misapprehended the condition of the pleadings. There was no evidence to sustain essential averments of plaintiffs' cause of action as stated in that paragraph. *Hoffman v. Central Surety & Insurance Corp.*, 297 Ill. App. 371; *Benes v. Bankers Life Ins. Co.*, 282 Ill. 236; *Soukup v. Halmel*, 357 Ill. 576; *Williamson v. American Ins. Union, Inc.*, 284 Ill. App. 150. It is unnecessary to discuss other questions.

The judgment will be reversed.

*Judgment reversed.*

O'Connor, P. J., and McSurely, J., concur.