GENERAL AMERICAN CASUALTY COMPANY

v.

Mrs. Elfreida AUSTIN et al.

George PERRY et al.

v.

GENERAL AMERICAN CASUALTY COMPANY.

Nos. J-808, J-833.

United States District Court
E. D. Arkansas, Jonesboro Division.

Oct. 27, 1954.

722

Nance & Nance, West Memphis, Ark., Garner & Harrison, Memphis, Tenn., for plaintiffs.

Fietz & McAdams, Jonesboro, Ark., Arthur L. Smith, Jr., J. H. Spears, West Memphis, Ark., for defendants.

TRIMBLE, Chief Judge.

These actions were begun in this court on October 30, 1953, by the filing of a complaint for declaratory judgment in cause No. J-808 by the General American Casualty Company.

On December 3, 1953, Mrs. Austin and William Ray Austin, defendants in Cause No. J-808, filed a motion to dismiss for failure to join indispensable party. This motion was dismissed on March 15, 1954.

On May 4, 1954, Allen M. Austin obtained leave to file and filed an answer, the allegations and prayers of which the defendants, Mrs. Elfreida Austin and William Ray Austin, adopted as their answer to the complaint in Cause J-808.

Prior to the above mentioned orders made by this court, the plaintiffs in Civil Action J-833 had procured a Judgment in the Circuit Court of Crittenden County, Arkansas, against William Ray Austin for the total sum of $32,450, and after procuring said Judgment, the same plaintiffs brought suit against the General American Casualty Company alleging that it had issued to the said Allen M. Austin a policy of insurance upon the automobile owned by said Allen M. Austin which was being driven by William Ray Austin on account of whose negligence said plaintiffs were adjudged entitled to recover said sum of $32,450.

The latter action was removed from the Circuit Court of Crittenden County, Arkansas, to this court and became said Civil Action J-833.

The causes J-808 and J-833 were consolidated by an order of this court made on April 19, 1954. This order embraced additional matters that were agreed upon at a pre-trial conference, among which is the following:

"That the first and principal matter for determination by the court is the construction of the policy involved and more specifically the construction of Clause '127A. Military Personnel—Restrictive Endorsement'. It is agreed that said endorsement as set out verbatim in paragraph two of the Answer of Allen M. Austin is correct copy of said endorsement, and in further determination of the correctness of said pleading, a photostatic copy of said restrictive endorsement is by agreement filed with the papers in the case."

The so-called Restrictive Endorsement follows:

"127A. Military Personnel—Restrictive Endorsement (To be attached only to policies covering automobiles used by military personnel)

This endorsement forms a part of Policy No. TA43110 Issued to Allen M. Austin by the General American Casualty Company, San Antonio, Texas at its Agency located (city and state) Memphis, Tennessee and is effective from March 9, 1953

(12:01 A. M. Standard Time)

In consideration of the premium at which the policy is written, it is agreed that:

1. The first sentence of Insuring Agreement III, Definition of Insured, is eliminated and is hereby replaced by the following:

With respect to the insurance for Bodily Injury Liability and for Property Damage Liability the unqualified word 'insured' includes the named insured, the individual named below, and any

guardian of or person related to the individual named below and ———— while using the automobile or legally responsible for the use thereof, provided the actual use of the automobile is with the permission of the named insured.

2. Such insurance as is afforded by the policy for Medical Payments does not apply while any person not an insured as defined in paragraph 1 above is using the automobile, except with respect to bodily injury to or sickness, disease or death of the named insured, the individual named below, and any guardian of or person related to the individual named below and ————————————

(Name of Individual)

Acknowledged by -s- Allen M. Austin

(Signature of Named Insured)

Mid-South Insurance Office

By -s- V. P. Winton

(Duly Authorized Representative)

"Form 127A—Military Personnel—Restrictive Endorsement Standard Automobile Endorsement Prescribed December 1, 1947"

Briefs have been filed by the various interested parties herein and after having given all of said briefs careful study and consideration, the court has reached the conclusion that the so-called Military Personnel—Restrictive Endorsement does not have the effect of relieving the General American Casualty Company from liability on the policy of insurance issued by it to Allen M. Austin; and the basis for this holding will be set forth in Parts I, II, and III.

### I.

The policy of insurance was issued on March 9, 1953. The so-called restrictive endorsement was attached to and made a part of this policy. It is, therefore, evident that the agent of the insurance company knew that the insured, Allen M. Austin, was a member of the armed forces. There is no doubt that it was the purpose of the insurance company to avoid, if it could possibly be done

legally, the promiscuous use of the insured's automobile, since it was known that he was in the military service, and it was, no doubt, feared that the automobile would be subject to lending to and use by various persons who were likewise in the military service.

■ Whatever may have been the intention of the insurance company in attaching this rider to the policy, it was certainly its duty to so prepare the rider that it would be intelligible and easily understood by the insured.

Nevertheless, the insurance company saw fit to attach to this policy the rider in an incomplete and almost unintelligible form.

■ Therefore, my first reason for denying the effectiveness of the so-called restrictive endorsement is that it amounts to nothing in the form in which it was attached to the policy. It was not complete, and it does not seem to me to be binding on anyone. If, because of the failure to complete the restrictive endorsement, it did not become binding, it must follow that the definition of "the named insured" is the one set forth in the first sentence of Insuring Agreement III which, of course, gives coverage to the insured, Allen M. Austin, and anyone using the automobile with his permission.

■ Since paragraph 4 of the pre-trial order sets forth that it was agreed that William Ray Austin was driving the automobile of Allen M. Austin with the permission of Allen M. Austin, there can be no denial that the insurance company is liable under the terms of the Insurance Agreement, if said endorsement is ineffective.

### II.

■ If it should be held that the restrictive endorsement rider must be construed, regardless of the fact that it was incomplete, it certainly is so ambiguous that if it can be construed at all, it must be construed to protect the insured as a result of any fairly reasonable construction that can be placed upon the language of the endorsement.

It was evidently the intention that the provisions of the policy of insurance be extended to someone in addition to the named insured. If the rider had been properly prepared, it would doubtless have contained the name of the insured's wife, Elfreida Austin, as "the individual named below", and the *insured's brother, William Ray Austin.*

 If we are compelled to construe the portion of the rider wherein the unfilled portion is found, the rule of construction relating to insurance policies would require one most favorable to the insured. This rule is too well established to require citations of authority. It has almost become a legal maxim. The unfilled portion would, therefore, have to be construed as meaning *someone* or *anyone* "while using the automobile or legally responsible for the use thereof, provided the actual use of the automobile is with the permission of the named insured". The insurance company, by issuing this rider without having the name of the "individual" or the additional "insured" designated, has left the matter open to speculation. This view of the provisions of the rider would simply mean that it was intended to cover the named insured and anyone using the automobile with the permission of the named insured, which, in effect, does nothing more than leave intact "the first sentence of Insuring Agreement III" that would have been eliminated if the restrictive endorsement had been properly filled out.

Oddly enough, the effort under this Part II to construe the endorsement serves chiefly to support the reasoning under Part I.

### III.

Reference is made in one of the briefs to the provision of Act 160 of the Acts of the General Assembly of Arkansas of 1951. While this Act was repealed by Act 347 of the Acts of 1953, it was in effect at the time the policy of insurance involved herein was issued.

Act 160, an act to provide financial responsibility for operators of motor vehicles in the State of Arkansas, among other things, sets out the requirements of motor vehicle liability policies issued to the owners and operators of motor vehicles in this state. Section 18(a), par. 2, provides as follows:

"Said policy shall insure the person named therein and any other person using or responsible for the use of said motor vehicle or motor vehicles with the express or implied permission of said insured."

As stated before, Act 160 of 1951 was expressly repealed by Act 347 of 1953, but Section 66, subd. b, par. 2, of said Act 347 sets forth as one of the requirements of a motor vehicle liability policy issued to owners or operators of motor vehicles in this state that it

"Shall insure the person named therein and any other person, as insured, using any such vehicle or vehicles with the express or implied permission of such named insured".

It therefore appears quite clear that the language of the so-called restrictive endorsement is diametrically opposed to the requirements of the statutes of this state.

 Here again the application of a well established rule of law seems proper. This principle of law is succinctly stated in 44 C.J.S., § 302 under the subject of, Insurance, as follows:

"A statute applicable to a contract of insurance and in force at the time of the making of the contract enters into and forms a part thereof in the same manner as if it had actually been written or copied therein, and, in construing the terms of the policy, the statute is to be read in connection therewith, in the light of the purpose or intent of the statute. This rule applies notwithstanding a subsequent amendment or repeal of the statute."

 Further discussion of the question of whether or not the insurance company is liable under the policy issued herein seems to be uncalled for. Un-

der either of the three divisions of this opinion, the restrictive endorsement rider is without any effect. Therefore, the petition for declaratory judgment must be denied.