Maxine G. PAWLIK, now known as Maxine G. Shearin, Plaintiff-Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Garnishee-Appellee.

Maxine G. PAWLIK, now known as Maxine G. Shearin, Plaintiff-Appellee,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Garnishee-Appellant.

Nos. 13538 and 13539.

United States Court of Appeals Seventh Circuit.

June 19, 1962.

Robert D. McKnelly, Appleman, Zimmerly & McKnelly, Champaign, Ill., Robert D. McKnelly, Champaign, Ill., of counsel, for Maxine G. Pawlik.

Thos. C. Stifler, Stifler & Snyder, Danville, Ill., for State Farm Mut. Auto. Ins. Co.

Before HASTINGS, Chief Judge, SCHNACKENBERG and KILEY, Circuit Judges.

KILEY, Circuit Judge.

This garnishment proceeding is based upon plaintiff's successful diversity personal injury action against William Nichols, omnibus insured under the policy of defendant, garnishee. Judgment was against garnishee for $2,040.00 plus interest. Both parties have appealed from the judgment.

Nichols, a resident of Big Stone Gap, Virginia, was in 1956, a truck driver employed by garnishee's primary insured, Hodge, an Illinois farmer. In November of that year a truck owned by Hodge, driven by Nichols, collided, in Illinois, with an automobile in which plaintiff was riding. Plaintiff was injured and subsequently sued Nichols, and others, in the District Court. On October 23, 1958, verdict and judgment were in her favor for $18,500.00. This garnishment proceeding followed.

In deciding for plaintiff, the District Court drew conclusions of law that defendant garnishee had proved its good faith; that Nichols violated his duty to cooperate in defense of plaintiff's personal injury action against him, and plaintiff, as garnishor, had not shown a reasonable excuse for Nichols' non-cooperation; and that plaintiff could not recover on the policy because Nichols could not have, but that she was entitled to recover on an endorsement, to the policy, required under the Illinois Truck Act.[1]

## I

Plaintiff contends, in her Appeal No. 13539, that the conclusions as to Nichols' non-cooperation and garnishee's good faith are based on clearly erroneous factual findings.

The evidence is virtually undisputed: As a result of the occurrence in which plaintiff was injured, Nichols was arrested and jailed, and was freed on bond through the services of attorney Stifler, of Danville, Illinois, employed for him by garnishee. Later Nichols was indicted for a criminal offense arising from the accident. About a month after the occurrence he went to his home in Virginia, after telling Stifler he would return if needed. At his own expense Nichols returned to Illinois twice for the criminal trial. In May of 1957 garnishee's agent told Nichols that garnishee would pay his expenses to Illinois for civil trial should one arise.

Plaintiff's suit against Nichols, and others, was filed in September of 1957. In August, 1958, Nichols received a letter from attorney Stifler telling him that the trial was set for October 20. Enclosed in this letter was a copy of the District Court's Notice of Setting. On October 2 Nichols received a second letter from Stifler reminding him of the trial date and stating that "we suggest" Nichols meet Stifler at his office at about 8 a. m. October 20 "so that we may know that you are here and ready to go to trial."

Nichols did not appear on October 20, and the District Court denied Stifler's motion for continuance. Stifler withdrew as Nichols' attorney, the case went to trial and resulted in the judgment in plaintiff's favor. On October 24 Stifler wrote Nichols again in Virginia, telling him that because of the latter's lack of co-

---

1. The endorsement reads, so far as pertinent:

"Nothing contained in the policy * * nor the violation of any of the provisions of the policy * * * by the Insured, shall relieve the Company from Liability hereunder or from the payment of any such final judgment."

The limit of liability on the endorsement was $10,000. Plaintiff's garnishment judgment of $2,040 was for the balance of the $10,000 limit remaining after garnishee paid $7,960 on other claims arising from the collision.

operation Stifler did not handle the defense for him. Stifler informed Nichols of the verdict against him, of his personal responsibility, that the problem of disposing of the judgment or settling and payment of the judgment was Nichols' problem and he ought to have his own attorney consider a motion for new trial.

The evening of October 20, after Stifler had withdrawn as Nichols' attorney, garnishee's Virginia agent called at Nichols' home. Nichols promised in a telephone call to Stifler that he would go to Danville the next morning by airplane transportation arranged by defendant's agent. The next day, however, Nichols missed the plane, under circumstances shown by the evidence, justifying the court's finding that he did not intend to return to Danville for the trial.

■■■ What constitutes cooperation is usually a question of fact, Jackson for Use of Schaer v. Bankers Indemnity Ins. Co., 277 Ill.App. 140, 156 (1934); Harrison v. U. S. Fidelity & Guaranty Co., 255 Ill.App. 263, 279 (1929), and garnishee had the burden of proving violation of the duty to cooperate. Plaintiff had the burden of refuting the affirmative defense by evidence of justification or excuse. Maryland Casualty Co. v. Hallatt, 5 Cir., 295 F.2d 64, 72 (1961); Zitnik v. Burik, 327 Ill.App. 170, 184, 63 N.E.2d 635, 640 (1945). We think the findings of fact made by the District Court are plainly based on substantial evidence, are not clearly erroneous, and that the conclusions of law based thereon are not erroneous.

■■■ Evidence of Nichols' lack of education and other factors offered to excuse his conduct did not preclude the finding or conclusions of the District Court. There is no merit to the argument that Stifler's letter of October 2 was a mere suggestion that Nichols appear and that there was no requisite demand. The case of General Casualty & Surety Co. v. Kierstead, 8 Cir., 67 F.2d 523, 526 (1933) is clearly distinguishable on this point. Many factors in the decision there are not present here. Furthermore, the evidence shows that Nichols read Stifler's letter as telling him he "should" appear.

The rule in National Surety Corp. v. Wells, 5 Cir., 287 F.2d 102, 107 (1961) is inapplicable here because the record shows Nichols knew or should have known of his duty to cooperate. Also plaintiff could have shown, but did not, that there was other transportation available for Nichols, if there were, who missed the flight arranged for him by garnishee. And garnishee here showed more than "mere disappearance," as was the case in Gregory for Use of Cusimano v. Highway Ins. Co., 24 Ill.App.2d 285, 300, 164 N.E.2d 297, 303 (1960), of Nichols. In Durbin v. Lord, 329 Ill.App. 333, 68 N.E. 2d 537 (1943), there was no evidence that the insured was advised that he was needed for trial. Nichols promised to return if needed, was advised he was needed, and again promised to return. In Panczko for Use of Enright v. Eagle Indemnity Co., 346 Ill.App. 144, 104 N.E. 2d 645 (1952), there was no evidence that Panczko actually received notice of the trial and garnishee's attorney there sought no continuance. These cases are distinguished by their facts. We need consider no other cases cited on this point.

Plaintiff argues that it is most important for garnishee to explain why its attorneys undertook to act on behalf of the garnishee, and in opposition to the interests of Nichols, without advising him of the conflict of interests in direct violation of the rule stated in Allstate Ins. Co. v. Keller, 17 Ill.App.2d 44, 149 N.E.2d 482, 70 A.L.R.2d 1190 (1958). The facts here render inapplicable the rule clearly applicable there. There is nothing in the record to justify the statement that garnishee's attorneys in Virginia, who took statements from Nichols, acted in opposition to his interests. Nichols' conduct rather was in opposition to his own, and to garnishee's, interests.

II

The District Court included in its judgment upon the endorsement to the policy interest on the entire original net judg-

ment of $16,500.00.[2] Garnishee, in its Appeal 13538, claims this was error.

The court found that the endorsement was in "full force and effect" at the time of the occurrence even though the Illinois Truck Act, which required the endorsement, had been repealed in 1953.[3] Garnishee argues that the repeal of the Act terminated the endorsement and that the endorsement was not in effect when the collision occurred.

■ In its stipulation of facts garnishee admitted the policy attached to the stipulation was in effect at the time of occurrence. The policy, including the endorsement, was attached to the stipulation. Also, garnishee could have cancelled the endorsement by cancelling its policy. It did not do so and, so far as the record shows, Hodge paid the same premium after the repeal of the Truck Act, and garnishee accepted it on the same policy with the endorsement included. Finally, the endorsement was a contract between the parties, and a repeal of the law which had become part of the contract did not affect the rights of the parties to the contract. Hanover Fire Ins. Co. v. Dallavo, 6 Cir., 274 F. 258, 266 (1921); General American Cas. Co. v. Austin, 125 F.Supp. 721, 725 (E.D.Ark.1954); 44 C.J.S. Insurance § 302.

The District Court applied the rule in River Valley Cartage Co. v. Hawkeye-Security Ins. Co., 17 Ill.2d 242, 161 N.E.2d 101, 76 A.L.R.2d 978 (1959), to the case at bar. We think this was right. There is no conflict between the policy [4] and the endorsement with respect to garnishee's obligation to pay interest on the judgment, and the endorsement under Illinois law adopted all of the terms of the original policy except those limited by the endorsement. Hoffman v. Central Surety & Ins. Corp., 297 Ill.App. 371, 376,

2. A $2,000.00 set-off was allowed.

3. Act July 7, 1953, Ill.Rev.Stat., 1961, ch. 95½ §§ 240–282.

4. The policy here provides:
    *   *   *   *   *
    II. Defense, Settlement, Supplementary Payments. * * * the company shall * * * (c) pay all expenses

17 N.E.2d 619, 621 (1938). Under the Illinois law as announced in River Valley, where the interest provision of the policy was substantially the same as the one here, garnishee's obligation is to pay interest on the full amount of the net judgment of $16,500.00 from the date judgment was entered.

### III

For the reasons given in Sections I and II of this opinion, the judgment subject of plaintiff's appeal No. 13539 and garnishee's appeal No. 13538 is affirmed.

incurred by the company, all costs taxed against the insured in any such suit and and all interest accruing after entry of judgment until the company has paid, tendered or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon * * *.